### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Case No. 8:05CR252** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **CARLOS ECHEVESTE-GAMA,** ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the Motion to Withdraw (#43) of counsel for defendant Carlos Echeveste-Gama, stating that Michael Maloney, counsel for co-defendant Abel Linares, has recently been hired by the Federal Public Defender's Office, creating a irreconcilable conflict of interest.

The court finds that defendant remains eligible for appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, and the Amended Criminal Justice Act Plan for the District of Nebraska. The court hereby appoints **Adam Sipple** as substitute counsel for Echeveste-Gama.

**IT IS ORDERED:**

1. The motion of Jeffrey Thomas for leave to withdraw as counsel for Echeveste-Gama (#43) is granted. The Clerk shall terminate Jeffrey Thomas' appearance as counsel of record for defendant, Echeveste-Gama.

2. Adam Sipple is hereby appointed to represent defendant, Carlos Echeveste-Gama, pursuant to 18 U.S.C. §3006A(f). To facilitate this appointment, the Federal Public Defender shall forthwith provide the court with a draft appointment order (CJA Form 20). At the time of the entry of judgment herein, defendant shall file a current and complete financial statement to aid the court in determining whether any portion of counsel's fees and expenses should be reimbursed by defendant.

3. The Clerk shall provide a copy of this order to the Federal Public Defender and to Adam Sipple.

4. Adam Sipple is given an extension of time to **September 30, 2005** to file any pretrial motions as deemed necessary in this case.

     5. The ends of justice will be served by granting the motion to withdraw and outweigh the interests of the public and the defendant in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between **September 2, 2005** and **September 30, 2005**, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act for the reason that substitute defense counsel requires additional time to adequately prepare the case and the failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B).

     Dated this 29th day of August 2005.

                          BY THE COURT:

                          S/ F.A. Gossett
                          United States Magistrate Judge